**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAWAAN PARHAM, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-6148 |
| | : | |
| WARDEN GERALD MAY, et al., | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**Jones, II.    J.**                                                                                        **March 28, 2019**

## I.    INTRODUCTION

Plaintiff Kawaan Parham ("Parham"), a former pretrial detainee at the Curran-Fromhold Correctional Facility ("CFCF"), commenced this civil rights action under 42 U.S.C. § 1983 against CFCF Warden Gerald May, and Correctional Officers Roseberry and Velazquez (collectively, "the Defendants") seeking money damages for Defendants' alleged deliberate indifference to Parham's liberty rights in violation of the Eighth and Fourteenth Amendments.  (ECF No. 28, ¶ 22).  After Parham amended his Complaint, (ECF No. 1), with leave of the Court, (ECF No. 28), the Defendants independently filed Motions to Dismiss Parham's Second Amended Complaint for failure to state a claim in accordance with FED. R. CIV. P. 12(b)(6).  (*See* ECF Nos. 29, 32, 36). For the reasons set forth herein, the Motions to Dismiss shall be granted as to all Defendants and Parham will be given one final opportunity to amend.

## II.    STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted).

Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

## III.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2014 Parham was housed at CFCF as a pretrial detainee while Defendant May served as Warden. (ECF No. 28, ¶¶ 2, 9). On July 7, 2015, Parham attended a hearing on a Motion for Release he had filed pursuant to Pennsylvania Rule of Criminal Procedure 600, which the Honorable J. Scott O'Keefe granted. (ECF Nos. 28, ¶ 10; 32, Ex. A). Parham was unable to immediately be released into the community because he was required to sign certain bail bond documents and return them to the Clerk of Courts. (ECF No. 28, ¶¶ 11–12). Consequently, after the hearing he returned to CFCF where he waited for the necessary paperwork to be delivered. (ECF No. 28, ¶ 12). Sometime thereafter, the paperwork was delivered via the mail; however, "the correctional officers failed to deliver the paperwork to Plaintiff." (ECF No. 28, ¶¶ 13–14). Indeed, Parham's mail, the delivery of which was overseen by Defendants Velazquez and Roseberry, was put in a desk drawer not to be seen again until some sixteen months later in October 2016. (ECF No. 28, ¶¶ 14–17). Parham remained incarcerated as a pretrial detainee for that entire period. (ECF No. 28, ¶ 16).

Consequently, Parham brought the instant § 1983 civil rights action alleging an unlawful deprivation of his liberty caused by Defendants Velazquez and Roseberry's failure to deliver the documents necessary for his release, and Warden May's failure to train them in the proper "handling and processing of bail bond documents." (ECF No. 28, ¶¶ 19 –27). The Defendants timely filed separate Motions to Dismiss pursuant to Rule 12(b)(6) raising several arguments regarding the sufficiency of the Second Amended Complaint, including Parham's failure to allege the deprivation of a cognizable constitutional right. (ECF Nos. 32, pp. 4–6; 36, pp. 5–6); *see also* 29, p. 6). The Court will not address all of Defendants' arguments at this juncture because the Court finds that Parham has failed to plead his entitlement to bail, and thus, the deprivation of a constitutional right – a dispositive, threshold issue. The Court will address that pleading deficiency alone, herein, and grant Parham a final attempt to amend.

## IV. DISCUSSION

A local municipality may incur liability under § 1983 only when its policy or custom causes the deprivation of a constitutionally protected right. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (U.S. 1978). Parham claims that Defendant May's failure to have proper policies and procedures regarding the distribution of mail and Defendants Roseberry and Velazquez's failure to deliver mail that would have enabled him to be released on bail, deprived him of a cognizable liberty interest.

Pennsylvania state law has created a means by which pretrial detainees may obtain bail. PA. R. CRIM. P. 600(B). Where a detainee has been imprisoned in excess of certain time limitations without a trial, the detainee "may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law." PA. R. CRIM. P. 600(D). While there is no absolute right to bail, there exists

a well-settled substantive liberty interest in freedom from confinement that may provide substantive due process protection for the exercise of a bail option. *Steele v. Cicchi*, 502 (3d Cir. 2017) (recognizing a substantive right to bail for a pretrial detainee who had been adjudged eligible for release but was prevented from posting bail due to his inability to use the phone while in administrative segregation).

Parham filed such a Rule 600 motion, demonstrating that he had been incarcerated in excess of the time permitted under Rule 600(B). (*See* ECF No. 28, ¶ 10). However, although the Honorable Judge O'Keefe granted Parham's request for release on bail, he did so subject to certain "nonmonetary conditions of bail imposed by the court," including obtaining an electronic monitor and establishing a residence. PA. R. CRIM. P. 600(D); (ECF No. 32, Ex. A). Parham failed to plead satisfaction of these conditions. Indeed, Parham failed to plead that these conditions even existed. These deficiencies are fatal to his claim.

The Court reaches this determination after considering the "Short Certificate" attached to Defendants Roseberry and Velazquez's respective Motions to Dismiss. (ECF Nos. 32, Ex. A;  36, Ex. A; *see also* 37-1, p. 1).[1]  Parham argues that he was not ordered to find a residence; rather he was simply told to complete paperwork regarding his residence, which his attorney would then submit to the court. (ECF No. 37 at 6.)  Moreover, Parham contends that "paperwork appears to be the very bail-bond documents Defendants failed to deliver." (*Id.*).  At base then, Parham claims that had the bail bond documents been delivered to him, he would have been able to fill in his address, his lawyer would have submitted them to the Clerk of Courts, and he would have been released. Implied in this argument is that Parham had an address to include on the bail documents

---

[1] This document is reviewable by the Court at this posture because it is a "concededly authentic document upon which the complaint is based." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

and upon his attorney's submission of these documents, would have been able to obtain an electronic monitor, thereby satisfying the "nonmonetary conditions" of his release. (ECF No. 37, p. 6). Moreover, implied in this argument is that neither Parham nor his attorney was able to provide that address and complete the electronic monitor paperwork at the hearing.

While all of this may be true, the Court will not afford argument in a brief and inferences therefrom the deference of truth owed well-pled factual averments in a complaint. *See Fleury v. U.S. Postal Service*, No. 00-5500, 2001 WL964147, at *2 n.5 (E.D. Pa. Aug. 1, 2001) ("It is axiomatic that statements or suggestions in briefs are not a substitute for well pled facts in a complaint"). At some point prior to filing the Complaint and/or the subsequent amendments, Parham obtained the "Short Certificate," attached to his Opposition to Defendant Velazquez's Motion to Dismiss (ECF No. 37-1, p. 1), and became aware of the conditions set forth therein. Parham's failure to plead the existence of these conditions and his satisfaction of them require the Court to assume, rather than infer, that Parham has pled an entitlement to bail. This is something the Court may not do. As such, the Court cannot permit this case to proceed where Parham has not "set out sufficient factual matter to *show* that the claim is facially plausible." *Fowler,* 578 F.3d at 210 (emphasis added).

## V.   CONCLUSION

As this point is dispositive, the Court need not address the Defendants' remaining arguments. The Motions to Dismiss will be granted as to all Defendants, without prejudice, and Plaintiff will have one final opportunity to amend in accordance with the accompanying Order.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.

5