**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAWAAN PARHAM, : | | |
| *Plaintiff*, : | | |
| : | | CIVIL ACTION |
| v. : | | NO. 16-6148 |
| : | | |
| WARDEN GERALD MAY, et al., : | | |
| *Defendants*. : | | |

**MEMORANDUM**

**JONES, II   J.**                                                                               **April 23, 2020**

**I.   INTRODUCTION**[1]

Plaintiff Kawaan Parham ("Plaintiff") brings this civil rights action under 42 U.S.C. § 1983 against Warden Gerald May ("Defendant May") and Correctional Officers Velazquez and Roseberry ("Correctional Officer Defendants") (collectively, the "Defendants") in relation to his pretrial confinement at the Curran-Fromhold Correctional Facility ("CFCF").[2] In his Third Amended Complaint (ECF No. 40) [hereinafter TAC], Plaintiff alleges Defendants violated his federal constitutional rights when they interfered with his access to the courts, impeded his opportunity to make bail, and implemented policies that resulted in a punitive pretrial detainment. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 41) [hereinafter Motion] under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

---

[1] The Court trusts the Parties' familiarity with the relevant factual and procedural background. *See* Court's 3/28/2019 Memorandum Opinion and Order (ECF Nos. 38, 39) for a comprehensive recitation of the facts. (Plaintiff "brought the instant [42 U.S.C.] § 1983 civil rights action alleging an unlawful deprivation of his liberty caused by Defendants Velazquez and Roseberry's failure to deliver the documents necessary for his release, and Warden May's failure to train them in the proper 'handling and processing of bail bond documents.'").

[2] The Curran-Fromhold Correctional Facility (7901 State Road, Philadelphia, Pennsylvania 19136) is part of the Philadelphia Department of Corrections and colloquially known as the "State Road" jail.  The Court takes judicial notice of the facility's colloquial name and refers to it as such herein.

[3] On March 28, 2019, the Court issued an extensive Memorandum Opinion and Order (ECF Nos. 38, 39) granting Defendants' Motions to Dismiss (ECF Nos. 29, 32, 36) and providing Plaintiff with one final opportunity to amend his complaint. Plaintiff submitted his Third Amended Complaint (ECF No. 40)

For the reasons set forth herein, Defendants' Motion is granted in part and denied in part.

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must present a plausible claim.  Courts reviewing a motion to dismiss pursuant to Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2008)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  To satisfy facial plausibility, a claim's factual content must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 325 (3d Cir. 2019) (citation omitted); *Thompson v. Real East Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff... [it is] not compelled to accept unsupported conclusions and unwarranted inferences… or a legal conclusion couched as a factual allegation."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 795-96 (3d Cir. 2019) (citations omitted).

## III.   DISCUSSION

A district court must take three steps to assess the sufficiency of a complaint challenged under Rule 12(b)(6).  The court must: (1) identify the elements a party must plead to state a claim;

---

[hereinafter TAC] on April 12, 2019.  On April 29, 2019, Defendants collectively filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 41), to which Plaintiff responded in opposition on May 13, 2019 (Plaintiff's Response in Opposition, ECF No. 42).

(2) evaluate whether the allegations raised are merely legal conclusions and thus not entitled to the assumption of truth; and (3) assume the veracity of well-pleaded factual allegations to determine whether they "plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation omitted).  At this early stage of the litigation, a court must only determine whether the non-moving party has sufficiently plead its claims—not whether the non-movant can prove them.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

Plaintiff submitted his TAC on April 12, 2019, asserting four causes of action against the Defendants.  Count I alleges Defendant May violated Plaintiff's Fourteenth Amendment right to be free from excessively harsh pretrial confinement by failing to provide inmates at the "State Road" jail with "constitutionally adequate confinement conditions."  TAC ¶¶ 58-63.  Count II contends that all Defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights when they interfered with his option to make bail.  TAC ¶¶ 64-73.  Count III claims the Correctional Officer Defendants violated Plaintiff's First and Fourteenth Amendment rights by tampering with the receipt of his legal mail.  TAC ¶¶ 74-81.  Count IV argues all Defendants further violated Plaintiff's First, Fourth, and Fourteenth Amendment rights when they impeded his access to the courts and "thwarted his exercise of a court-ordered release on bail."  TAC ¶¶ 7, 82-89.  Presently, the Defendants move to dismiss Plaintiff's TAC for its failure to state a claim upon which relief can be granted. The Court addresses each Count of Plaintiff's TAC in turn.

**A. Count I Against Warden Gerald May in His Official Capacity**

Count I of the TAC—which asserts a claim against Defendant May in his role as the official in charge of overseeing the confinement conditions for pretrial detainees at the "State Road" prison—is barred by the statute of limitations. In Count I, Plaintiff alleges the following: (1) Plaintiff was housed in an overcrowded facility (i.e., the "State Road" prison) during his pretrial confinement; (2) the cells there were designed to house no more than two inmates at once;

(3) overcrowding lead to the practice of housing three detainees in a single cell; and (4) Plaintiff's conditions of confinement amounted to pretrial punishment because the overcrowded housing structure at the "State Road" jail failed to serve a deliberate purpose and shocked the conscience. TAC ¶¶ 45-48, 60, 62-63.  As Defendant May was the official in charge of supervising the conditions of confinement at the "State Road" facility, Plaintiff argues Defendant May violated his Fourteenth Amendment Due Process rights when he neglected to provide pretrial detainees in that facility with "constitutionally adequate confinement conditions."  TAC ¶¶ 59-60.

In the instant Motion, Defendant May asks the Court to dismiss Count I on the grounds that Plaintiff's claim is barred by the statute of limitations.  Specifically, he alleges the claim has been barred since February 2, 2019,[4] as claims brought in Pennsylvania under 42 U.S.C. § 1983 have a two-year statute of limitations.[5]  Defendant May also contends that notwithstanding Plaintiff's untimely allegation, the conditions of confinement at the "State Road" prison during Plaintiff's pretrial detainment there did not give rise to a constitutional violation.  Mot. 6.[6]

As to the statute of limitations defense, Plaintiff insists that Count I of his TAC relates back to his original pleading and is thus admissible under the relation-back doctrine.  Pl.'s Resp. Opp'n 11, ECF No. 42.  To determine whether Count I in the TAC relates back to Plaintiff's original submission, the Court looks at the relevant claim in the amended pleading and compares it to the claims alleged in the original complaint.  The Federal Rules of Civil Procedure allow the relation back of an otherwise time-barred claim in an amended pleading when "the amendment asserts a

---

[4] As Plaintiff was confined at the "State Road" prison until February 2, 2017, TAC ¶ 43, Plaintiff must have brought his claim by February 2, 2019— "at the absolutely latest."  Mot. 13.
[5] *McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011). In claims brought under 42 U.S.C. § 1983, the clock on the statute of limitations begins to run either (a) on the day the "plaintiff's cause of action arises" or (b) when the plaintiff discovers the injury upon which the claim is based. *Romero v. Allstate Corp.*, 404 F.3d 212, 221-22 (3d Cir. 2005).
[6] The Court uses the pagination associated with the ECF filing stamp.

claim or defense that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). Accordingly, "[t]he underlying question of a Rule 15(c) analysis is whether the original complaint adequately notified the defendants of the basis for liability the plaintiff would later advance in the amended complaint." *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012) (citation omitted).

Plaintiff's confinement-conditions claim concerns three separate, but related, factual assertions: (1) the facility where Plaintiff served his pretrial detention was overcrowded and used triple-celling to accommodate the excess population; (2) Plaintiff completed about 70% of his confinement in cells housing three detainees; and (3) approximately 70% of Plaintiff's day was spent in lockdown and confined to his cell. TAC ¶¶ 47-51. None of these circumstances are mentioned—or even alluded to—in Plaintiff's original complaint.[7] Plaintiff's first complaint focused exclusively on the Correctional Officer Defendants' failure to properly deliver Plaintiff's court mail. Now, Plaintiff attempts to use the relation-back doctrine to allege a different constitutional violation against a separate defendant based on facts absent from the initial pleading.

Plaintiff contends that because the first complaint "already [put] at issue those excessively harsh conditions and [plead] the same occurrence from which the confinement-condition[s] claim arises," Count I in the TAC relates back to the original filing. Pl.'s Resp. Opp'n 11. In particular, he claims that the relevant occurrence concerns his pretrial confinement altogether. Plaintiff further suggests Count I relates back to the initial pleading because it "amplifies the factual circumstances surrounding the already pleaded circumstance of the severe mental burden resulting from his pretrial confinement." Pl.'s Resp. Opp'n 12 (quoting *Bensel v. Allied Pilots Ass'n*, 387

---

[7] Plaintiff would have the Court excuse the deficiency in his original complaint because he filed it *pro se*. While *pro se* complaints are to be construed liberally, the Court finds that not even the most liberal reading of Plaintiff's initial complaint would show a confinement-conditions claim therein.

F.3d 298, 310 (3d Cir. 2004)).

To show he raised the confinement-conditions claim at the outset of the litigation, Plaintiff selectively quotes the original complaint. He states, "I went through severe mental anxiety and stress *because me staying in prison* eventually would effect (sic) my well-being and the outcome of my case. I also sustained injuries to my back and left shoulder that the institution refused to give me the proper treatment for." *See* Original Compl. 3, ECF No. 1 (emphasis added). When read in its entirety, however, the quoted passage demonstrates that the relevant occurrence refers to the *reality* of Plaintiff's continued detention at the "State Road" jail—not to the *conditions* of that detention. Furthermore, Plaintiff's claim against Defendant May fails to meet the standard for amendments outlined in *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298 (3d Cir. 2004).

As explained in *Bensel*—and to which Plaintiff cites in his Response in Opposition— amendments to a complaint must "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct." *Bensel*, 387 F.3d at 310. Plaintiff's first complaint contained no original confinement-conditions claim to restate. As a result, the factual content presently at issue fails to amplify anything in the original complaint. Plaintiff's initial pleading solely alleged constitutional violations by the Correctional Officer Defendants. *Bensel*, therefore, defeats Plaintiff's argument.

The Court finds that Plaintiff's relation-back argument is meritless because the original complaint is completely devoid of facts alleging Plaintiff sustained injuries from the conditions of his confinement. As Plaintiff's TAC fails to relate back to any conduct, transaction, or occurrence alleged in Plaintiff's original complaint, the Court will not evaluate Plaintiff's substantive arguments on the conditions of confinement at the "State Road" prison. Furthermore, since Plaintiff's confinement-conditions claim neither relates back to the original complaint nor was it

alleged by February 2, 2019—an end to the two-year time period by which Plaintiff must have plead these allegations—the claim is barred by the statute of limitations. As such, Count I against Defendant May is dismissed with prejudice.

### B. Counts II, III, and IV against Warden Gerald May and Correctional Officers Velazquez and Roseberry

The Public Health and Welfare § 1983 provides citizens with a remedy in instances when state officials engage in conduct "under the color" of law and cause "deprivations of rights secured by the Constitution and the laws of the United States." 42 U.S.C. § 1983 (2012). To bring a claim under § 1983, Plaintiff must plausibly plead: (1) the violation of a right secured by the Constitution or the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under the color of state law. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Additionally, to survive Defendants' Motion to Dismiss, Plaintiff must plead the elements of municipal liability set forth in *Monell v. Dep't of Soc. Serv's of City of New York*, 436 U.S. 658 (1978).

#### 1. Claims Against Warden Gerald May in His Individual Capacity

Plaintiff brings forth claims against Defendant May and five unidentified correctional facility officials, arguing those officials are responsible for injuries Plaintiff allegedly sustained as a result of the conditions of confinement at the "State Road" prison. Presently, Defendants ask the Court to dismiss Plaintiff's individual capacity claim against Defendant May, arguing the TAC fails to show Defendant May's personal involvement in any of the supposed constitutional violations. The Motion denounces Plaintiff's conclusory statements about Defendant May's participation in the constitutional violations—provided that unsupported legal conclusions masquerading as factual allegations are insufficient to survive a motion to dismiss in an individual capacity lawsuit.

With respect to Counts II, III, and IV, Plaintiff claims the officials are liable in their individual and official capacities for numerous mistakes in relation to the inmates' receipt of mail at the "State Road" facility. "To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Additionally, a "supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster*, 629 F.3d 121, 129 (3d Cir. 2010) (citation omitted).

The Court finds that Plaintiff's TAC is wholly deficient as to Defendant May's personal involvement in the alleged constitutional violations since there are no factual allegations to support the viability of a claim against him in his individual capacity.[8] In each of the relevant counts, Plaintiff alleges Defendant May failed to do the following: (1) train correctional officers; (2) provide those officials with manuals or instructions; and (3) institute policies or procedures that would have protected Plaintiff from the constitutional violations he allegedly suffered. TAC ¶¶ 68-70, 77-80, 85-88. With respect to the court mail, the TAC only discusses the acts of the Correctional Officer Defendants. TAC ¶¶ 36-41. Plaintiff failed to include any facts alleging Defendant May either: (1) "participated in" preventing Plaintiff from receiving his mail; (2) "directed others to" preclude Plaintiff from receiving his mail; or (3) "had knowledge of and acquiesce in" preventing Plaintiff from receiving his mail. TAC ¶¶ 36-41. Accordingly, the Court dismisses all individual capacity claims against Defendant May.

---

[8] Defendants compare Plaintiff's allegations to those presented by the plaintiff in *Santiago v. Warminster*, 629 F.3d 121 (3d Cir. 2010)—a case in which the plaintiff sought to hold two police supervisors liable for their part in a home raid. *Santiago*, 629 F.3d at 127. The Third Circuit dismissed the case against the police supervisors and held that the claims were conclusory and did not satisfy the pleading standard. *Id.*

### 2. Claims Against Defendant May in his Official Capacity

Plaintiff also alleges claims against Defendant May in his official capacity. A lawsuit brought against an official in their official capacity is considered a suit against the municipality. *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1998) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity") (citing *Kentucky*, 473 U.S. at 166). A plaintiff may assert a § 1983 claim against a municipality in two ways: either (1) alleging that "an unconstitutional policy or custom of the municipality lead to his or her injuries" or (2) claiming his or her injuries "were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

As to the first theory, a plaintiff must allege that 'a [local] government's policy or custom . . . inflict[ed] the injury' in question." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2018) (citing *Monell*, 436 U.S. at 694). The municipality may be liable either "when the policy or custom itself violates the Constitution" or when the policy or custom is "the moving force behind the constitutional tort of one of its employees." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted). When seeking to establish liability based on a municipal policy, the plaintiff must show that "a decisionmaker possess[ing] final authority to establish municipal policy . . . issue[d] an official proclamation, policy, or edict." *Id*.

Defendants argue that Plaintiff's TAC fails to identify any municipal policy or custom at the "State Road" prison leading to the injuries in question. Furthermore, Defendants construe Plaintiff's allegations as mere recitals of the legal standard for *Monell* liability, as well as claim that the TAC is "devoid of specific factual allegations regarding an actual policy, procedure or custom of the City." Mot. 10. By contrast, Plaintiff alleges his pleading is like the one successfully submitted in *Johnson v. Thomas*, No. 16-5188, 2017 WL 432535 (E.D. Pa. Feb. 1, 2017). In

*Johnson*, the Court found the complaint "elaborated on the policy by alleging that it provided inadequate notice to prisoners to be heard, and inadequate constitutional safeguards." *Johnson*, 2017 WL 432535, at *6. However, this Court finds that Plaintiff's case is comparable to the circumstances presented in *Estate of Roman v. City of Newark*. Like the plaintiff in *Estate of Roman*, Plaintiff currently fails to point to a specific policy proclamation. *Estate of Roman*, 914 F.3d at 798. ("Roman has not pled a municipal policy as his amended complaint fails to refer to an official proclamation, policy, or [an] edict.") (citations omitted).

The Court finds that Plaintiff's TAC fails to allege the existence of a municipal policy or custom in violation of the Constitution. At no point in the factual allegations does Plaintiff refer to any actions or declarations by Defendant May that would be representative of a policy. Plaintiff only discusses the actions of the Correctional Officer Defendants. Much like the complaint dismissed in *Estate of Roman*, Plaintiff's TAC fails to outline the requisite municipal custom. Municipal liability claims based on custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. Presently, Plaintiff does not discuss a pattern of conduct that is so "well-settled" or "permanent" as to constitute law, thus foreclosing the avenue to allege that a municipal custom violates the Constitution.

Plaintiff is therefore left with "failure to" claims—the final avenue under *Monell* through which plaintiffs can allege that a municipal policymaker has not acted or acquiesced in the unconstitutional conduct at issue. In "failure to" claims, a municipality is liable where "the need to take some action to control the agents of the government is so obvious and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Natale v. Camden Cty.*

*Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).  In the TAC, Plaintiff explicitly attacks Defendant May's failure to take numerous actions, resulting in Plaintiff's inability to exercise his bail option.

Defendants argue that Plaintiff cannot sustain his "failure to" or inadequacy claims, as he has failed to show any past violations of prisoners' rights.  Plaintiff concedes that he has not alleged a series of violations; but submits that proof of multiple violations is but one way of proving a failure or inadequacy claim.  Specifically, Plaintiff maintains that the need for the procedures Defendant May failed to implement was "so obvious that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations."  Pl.'s Resp. Opp'n 15 (quoting *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 440 (E.D. Pa. Dec. 7, 2015)).  Plaintiff further alleges that the need for training or additional policies to prevent the constitutional violations Plaintiff suffered was "so obvious," that Defendant May's failure to implement them is indicative of his deliberate indifference to Plaintiff's constitutional rights.  In particular, Plaintiff suggests that the structure at the "State Road" prison—which resulted in the failure to deliver Plaintiff's court mail—demonstrated the constitutional need for additional "training, policy and procedure," making these additional safeguards "obvious."  Pl.'s Resp. Opp'n 17.

The Court finds that dismissal of Plaintiff's deliberate indifference claim would be inappropriate at this time. As Plaintiff correctly notes, a pattern or practice of deliberate indifference is not necessary to show a constitutional violation.  *Buoniconti*, 148 F. Supp. 3d at 440.  While in confinement, inmates continue to enjoy the right of access to their mail.  *See Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("Prisoners, by virtue of their incarceration, do not forfeit their First Amendment right to use of the mails[.]").  Prisoners also maintain a due process interest in exercising bail options presented to them.  *Steele v. Cicchi*, 855 F.3d 494, 502 (3d Cir.

2017) ("We conclude that Steele had a protected liberty interest in exercising his bail option once his bail was set."). As such, Plaintiff has shown that—at a minimum—the failure to enact policies to either (1) track mail or (2) identify inmates who are eligible for release risked the possibility of inmates at the "State Road" prison not receiving their mail or being able to exercise their option for release. Accordingly, the Court finds that Plaintiff has plausibly plead Defendants showed deliberate indifference to Plaintiff's constitutionally protected rights to access the courts, receive legal mail, and exercise the option for bail.

### 3. Claims Against Correctional Officers Velazquez and Roseberry

In his individual capacity claims against the Correctional Officer Defendants, Plaintiff alleges the following: (1) interference with his option for bail; (2) interference with receipt of his legal mail; and (3) interference with his access to the courts—in violation of the First, Fourth, and Fourteenth Amendments. Defendants request the dismissal of each claim, arguing that because Plaintiff merely pleads negligence, the factual allegations in the Complaint are insufficient to bring a § 1983 suit.[9] By contrast, Plaintiff argues the facts presented in the TAC are sufficient to support a finding of gross negligence on the part of the Defendants. Moreover, Plaintiff contends that because assessing the Defendants' state of mind is fact-based, such a question is not properly at issue at this stage of the litigation.

"Actions may be brought in federal court under § 1983 when there has been infringement of a liberty interest by intentional conduct, gross negligence or reckless indifference, or an

---

[9] Defendants also argue that because Plaintiff's lawyer was in charge of submitting the paperwork to the court, the Correctional Officer Defendants' failure to deliver Plaintiff's legal mail did not "impede" Plaintiff from exercising his option for bail. Mot. 16. Defendants' position seems to be that because the defense attorney's role in submitting the paperwork was a superseding cause, the misplaced mail cannot be considered a proximate cause of Plaintiff's injury. That is a question for the jury to decide—in particular because it appears Plaintiff would have known to inform his defense of attorney that he had secured an appropriate residence had Plaintiff received his letter when it was delivered to the "State Road" prison.

established state procedure." *Davidson v. O'Lone*, 752 F.3d 817, 828 (3d Cir. 1988). As such, the question before the Court is whether the factual allegations in the TAC—when taken as true and in the light most favorable to Plaintiff—plausibly suggest that the acts of the Correctional Officer Defendants were either grossly negligent or intentional when they failed to deliver Plaintiff's legal mail. Were this case only dependent on the fact that Plaintiff's mail was lost, the Correctional Officer Defendants' argument would likely prevail.

In this case, however, the Correctional Officer Defendants not only failed to deliver Plaintiff's mail, they also suppressed the mail by leaving it in a desk drawer for sixteen months following Plaintiff's court date. Compared with *Barrett v. Karnes*, No. 14-CV-01250, 2015 U.S. Dist. LEXIS 135377, at *11-12 (M.D. Pa. 2015), Plaintiff's claim is substantial. In *Barrett*, the court dismissed the complaint after finding that "at most, the amended complaint allege[d] facts from which it may be plausibly inferred that one or two of [the Plaintiff's] outgoing letters was negligently handled and lost in transit[.]" *Id*. at *12. This led the court to conclude the complaint was insufficient because "any allegation that [the defendant] personally withheld or destroyed [Plaintiff]'s outgoing mail [was] speculative and conclusory." *Id*. (citations omitted). *Horan v. Collins*, No. 13-CV-00140, 2016 WL 5030468, at *11 (M.D. Pa. Aug. 8, 2016) (dismissing complaint because allegations only inferred that "mail was lost in transit," as opposed to "withheld or destroyed" by defendants).

The Court finds that the facts in Plaintiff's TAC are sufficiently distinguishable from the facts presented in *Barrett* and *Horan* to enable this suit to go forward. Plaintiff alleged that his mail was not delivered to him, and that the Correctional Officer Defendants worked in Plaintiff's cell block and were responsible for delivering the mail to detainees. The court mail sent to Plaintiff was never delivered. Specifically, it was placed in a drawer in the cell block and left there for over

a year. Plaintiff only received said mail once a third correctional officer became aware of its existence. These facts, while not dispositive, suggest more than mere negligence. Accordingly, the Correctional Officer Defendants' Motion is denied with respect to Counts II, III, and IV.

### C. Heck Preclusion

Defendants argue that based on the *Heck* doctrine, the Court should dismiss Plaintiff's action with prejudice. *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants contend that *Heck* controls the instant action, as *Heck* bars judgment where the judgment "would necessarily demonstrate the invalidity of confinement or its duration," and Plaintiff's claims ask the Court "to challenge the duration of the state court sentence" Plaintiff received. Mot. 17. Despite Plaintiff neither directly challenging the validity of his conviction nor the duration of his sentence, Defendants argue Plaintiff has "effectively" challenged the duration of his state court sentence. Mot. 17. In response, Plaintiff submits that *Heck* is irrelevant to the matter at hand. Whether this suit falls under the *Heck* doctrine turns on whether Plaintiff's success will necessarily invalidate his sentence. The Court finds Defendants have failed to show that it would.

First, Defendants rely on cases where *Heck* precluded suit because the plaintiff challenged the duration or fact of his conviction. Here, Defendants argue that Plaintiff's suit is analogous to *Gause v. Haile*, 559 F. App'x 196 (3d Cir. 2014) and *Royal v. Durison*, 254 F. App'x 163 (3d Cir. 2007), because, as in those cases, Plaintiff "asks the Court to challenge the duration of the state court sentence that Plaintiff received." Mot. 17. In *Gause*, the plaintiff argued that he was improperly denied credit for time served and that his sentence was "an unlawfully long period of detention." *Gause*, 559 F. App'x at 198. Likewise, in *Royal*, the plaintiff argued that "his Eighth Amendment rights were violated when he was incarcerated for more than six months in excess of the maximum sentence allowed under Pennsylvania law[.]" *Royal*, 254 F. App'x 165 (citation

omitted). In both *Royal* and *Gause*, the Third Circuit found that *Heck* applied to bar the respective suits because success in each one would necessarily invalidate the plaintiff's sentence for being too long. *See id*. ("Were we to hold that the Commonwealth did, in fact, incarcerate Royal beyond the statutory maximum we would necessarily be holding that the confinement or its duration was invalid[.]"); *see also Gause*, 559 F. App'x at 198 ("A ruling that Gause was held in excess of the maximum sentence would necessarily imply the invalidity of his confinement or duration and would therefore violate *Heck*.") (citations omitted). Neither case is analogous to Plaintiff's allegations because Plaintiff does not argue that his sentence exceeded the statutory maximum. As such, Defendants fail to show that success in the instant case would necessarily invalidate Plaintiff's state court sentence. Accordingly, the Court denies Defendants' argument for dismissal based on *Heck*.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to Count I of Plaintiff's Complaint. To the extent that he is sued in his individual capacity, Counts II, III, and IV are dismissed against Defendant May. To the extent that he is sued in his official capacity, Defendant May's Motion is denied as to Counts II, III, and IV. Furthermore, the Correctional Officer Defendants' Motion is denied as to Counts II, III, and IV. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.